IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARIK L. PETERS, | ) | |
| Petitioner, | ) | Civil Action No. 13-52J |
| | ) | |
| vs. | ) | Judge Kim R. Gibson/ |
| | ) | Magistrate Judge Maureen P. Kelly |
| KENNETH R. CAMERON, | ) | |
| Respondent. | ) | Re: ECF No. 7 |

## MEMORANDUM ORDER

Sharik L. Peters ("Petitioner"), proceeding pro se, has filed a Petition for Writ of Habeas Corpus By a Person in State Custody (the "Petition").  ECF No. 1.  By means of the Petition, he seeks to challenge his state court convictions for, inter alia, Rape, Burglary, and Terroristic Threats.  Recently, he has filed in this Court a Motion for Discovery (the "Motion"), ECF No. 7. For the reasons that follow, the Motion will be denied.

Petitioner raises three grounds in his Petition:

> GROUND ONE: Whether trial counsel and appellate counsel were, collectively, ineffective for failing to raise an objection and preserved [sic] the err[or] of admission of hearsay testimony of expert witness for appellate review?

ECF No. 1 at 6.

> GROUND TWO:  Whether trial counsel was ineffective in failing to obtain an expert to rebutt [sic] Commonwealth's expert['s] unreliable and conclusory testimony.

Id., at 7.

      GROUND THREE:   Whether Commonwealth engaged in prosecutorial misconduct by reference [sic, should be "referring"] to the alleged victim Lisa Carothers, as "the victim" and "our victim[.]"

Id.

In the Motion, Petitioner requests two items of discovery.   First, he seeks to compel the District Attorney's Office to release to him the color photos of the victim's injuries which she was supposed to have sustained during Petitioner's attack.   ECF No. 7 at 2, ¶7.   Secondly, he seeks to have a transcript of the PCRA evidentiary hearing which was held on January 23, 2012. Id., at ¶ 8.   In conclusory fashion, Petitioner asserts that he "requires the underlying discovery material to enable him to perfect and submit a habeas petition in support of the habeas petition before the Court for relief."   Id., at ¶ 9.

Rule 6 of the Rules Governing Section 2254 Cases addresses discovery for habeas cases and provides in pertinent part that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . . A party requesting discovery must provide reasons for the request."   As one court has explained, "'Good cause' requires a showing of specific factual allegations which demonstrate that if fully developed, would suggest that petitioner is entitled to habeas relief. . . . *Nunez v. Greiner*, 2004 WL 307264 at *2 (S.D.N.Y. February 13, 2004) (good cause not shown where petitioner had adequate opportunity to develop record during state court hearings and proceedings)."   Crenshaw v. Miller, No. 02-CV-6623, 2004 WL 1040852, *1 (W.D.N.Y., March 26, 2004).   Moreover, Petitioner bears a heavy burden in showing entitlement to discovery.   Renis v. Thomas, No. 02Civ.9256, 2003 WL 22358799 at *2 (S.D.N.Y. Oct. 16, 2003) (petitioner "bears a heavy burden in establishing a right to discovery.").

Petitioner fails to meet the requisite burden in this case.   With respect to the color photos of the victim's injuries, Petitioner fails to show "good cause," i.e., he fails to make a "showing of specific factual allegations which demonstrate that if fully developed, . . . that petitioner is entitled to habeas relief."   Renis, 2003 WL 22358799 at *1.   Furthermore, Petitioner fails to relate the alleged need for the photographs to any of the three grounds he raises for relief in his Petition.

As to the need for the PCRA hearing transcript, given that the Respondents supplied the Court with a copy of the PCRA hearing transcript, the Court, as a matter of courtesy, is enclosing, along with this order, a copy of the PCRA hearing transcript.   Hence, insofar as the Motion seeks discovery as to the PCRA hearing transcript, the Motion is denied as moot.

In light of the foregoing the following order is made:

AND NOW, this 2nd day of July 2013, after preliminary review of the habeas Petition, and careful consideration of the Motion, it is hereby ORDERED that Petitioner's Motion, ECF No. 7, is **DENIED**.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.   Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.   Failure to file a timely appeal will constitute a waiver of any appellate rights.

                                                 *s/Maureen P. Kelly*
                                                 Maureen P. Kelly
                                                 U.S. Magistrate Judge

Dated:   July 2, 2013

cc: The Honorable Kim R. Gibson
United States District Judge

Sharik L. Peters
JE-1314
SCI Benner
301 Institution Drive
Bellefonte, PA 16823

All counsel of Record via CM-ECF